UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| GUY PUGH, | Civ. 02-5048 -KES |
| Petitioner, | |
| vs. | OPINION AND ORDER DENYING MOTION FOR WRIT OF HABEAS CORPUS |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, | |
| Respondent. | |

Petitioner, Guy Pugh, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Douglas Weber, moves to dismiss Ground One of the petition, arguing that it was procedurally defaulted, and contends that Pugh is not entitled to relief on Grounds Two and Three. The court grants respondent's motion to dismiss Ground One and denies petitioner's writ of habeas corpus.

## FACTS

On December 14, 1999, at around 4 a.m., M.H.L. was attempting to start her car so that she could complete her Rapid City Journal newspaper delivery routes. Her car was parked outside the motel in which she lived. After a half hour of unsuccessful attempts to start the car, Guy Pugh and another man emerged from another room in the motel where a party was going on. They offered to help start the car, but were unable to do so. Pugh offered M.H.L. a ride to the Rapid City Journal so that she could pick up her newspapers, and she accepted.

After picking up her newspapers, Pugh offered to drive M.H.L. around her paper route. M.H.L. asked Pugh to take her home so that she could do the route on her bicycle. Pugh refused despite repeated requests, and instead drove her around Rapid City for about an hour. Eventually, Pugh parked at an isolated lot on Dinosaur Hill where he raped M.H.L. and threatened to kill her.

On July 24, 2000, Pugh was convicted of kidnapping and second-degree rape by the Circuit Court, Seventh Judicial Circuit. Based on his criminal record, the violent nature of his crimes, and the dim outlook for rehabilitation, the court sentenced him to life in prison without parole for kidnapping, plus a 25-year concurrent sentence for rape. On January 30, 2002, the South Dakota Supreme Court affirmed the convictions.

## PROCEDURAL HISTORY

On June 11, 2002, Pugh petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging three grounds for relief. First, he alleged that his federal constitutional right to due process was violated by the state's use of hearsay testimony and the violation of a pretrial order forbidding testimony regarding the victim's virginity. Second, Pugh alleged that the evidence to convict was insufficient. Third, he alleged that the life sentence plus 25 years was cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. The case was referred to Magistrate Judge Marshall P. Young. On September 20, 2002, Magistrate Judge Young

recommended that the habeas petition be dismissed without prejudice because Pugh had not exhausted his state remedies. Pugh objected to the findings and recommendations, alleging that he did not need to file a state habeas petition because he had already raised the issues on direct appeal to the state court.

This court ordered respondent Weber to respond to Pugh's objections and brief the issue of whether petitioner was required to file a state habeas petition when he had raised the issues on direct appeal to a state court. Respondent conceded that issues two and three were fairly presented to the state court and exhausted. Accordingly, this court rejected the magistrate judge's findings and recommendations as to these two issues. On December 12, 2002, this court found that Pugh had not exhausted the first issue of his habeas petition (whether his due process rights were violated by the virginity testimony and use of hearsay evidence). The court stayed the petition for federal habeas corpus pending exhaustion of state court remedies. The court required Pugh to commence state court action to exhaust Ground One within 60 days of its order, and return to this court within 60 days of completing the exhaustion requirement.

On February 25, 2003, Weber moved to dismiss the case because Pugh missed the 60-day deadline to exhaust his state court remedies imposed by this court. On March 4, 2003, this court received a courtesy copy of the state habeas petition Pugh had filed. On April 25, 2003, this court denied Weber's

motion to dismiss because he could not show that he had been prejudiced by Pugh's delay in filing the state habeas petition.

On December 17, 2004, Pugh's state court habeas petition was denied. On February 8, 2005, this court ordered Pugh to advise the court whether he intended to appeal the decision to the South Dakota Supreme Court. Pugh notified the court that he did not appeal the state court habeas petition to the South Dakota Supreme Court, but still intended to proceed on all of his claims. Pugh alleged that Ground One of his 2254 petition was exhausted when the Circuit Court denied his habeas petition. In the event that this court determines that the issue is still unexhausted, Pugh informed the court that he intends to withdraw the issue from this petition. Respondent moves to dismiss Ground One of Pugh's habeas petition, alleging that it was procedurally defaulted.

## STANDARD OF REVIEW

When reviewing a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254, the court does not review Pugh's state court judgment; it only determines whether Pugh is "in custody in violation of the Constitution or laws or treaties of the United States." Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546, 2254, 115 L. Ed. 2d 640 (1991). The court may grant habeas relief only if the state conviction "was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that

was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The unreasonable application standard allows a writ to issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523, 146 L. Ed. 2d 389 (2000). The state court's factual findings are presumed to be correct and will be given deference unless they were "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(2). This presumption may be rebutted by clear and convincing evidence. Holman v. Kemna, 212 F.3d 413, 417 (8th Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).

The starting point in a federal habeas action is an analysis of "the state courts' determinations of fact, including that aspect of a 'mixed question' that rests on a finding of fact." Williams, 120 S. Ct. at 1509. The "AEDPA plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Id. (quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)). The Supreme Court found it "significant that the word 'deference' does not appear in the text of the statute" and that "[w]hatever 'deference' Congress had in mind with respect to [2254(d)(1)&(2)], it surely is not a requirement that federal courts actually defer to a state-court application of

5

the federal law that is, in the independent judgment of the federal court, in error." Id. at 1509-10.

In referring to the phrase "contrary to," the Williams court quoted Judge Easterbrook: "Section 2254(d) requires us to give state courts' opinions a respectful reading, and to listen carefully to their conclusions, but when the state court addresses a legal question, it is the law 'as determined by the Supreme Court of the United States' that prevails." Id. (quoting Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), rev'd on other grounds, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997)). "[T]here is nothing in the phrase 'contrary to' . . . that implies anything less than independent review by the federal courts." Id. at 1511. The Supreme Court unanimously agreed that "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. The Court split, however, with the majority indicating their "difference is as to the cases in which, at first-blush, a state-court judgment seems entirely reasonable, but thorough analysis by a federal court produces a firm conviction that that judgment is infected by constitutional error." Id. The majority concluded that "such an erroneous judgment is 'unreasonable' within the meaning of the Act even though that conclusion was not immediately apparent." Id. The standard according to Williams is "[i]f, after carefully weighing all the reasons for accepting a state court's judgment, a federal court is convinced that a

prisoner's custody . . . violates the Constitution, that independent judgment should prevail." Id.  Finally, the state court judgment would be contrary to established federal law if the Supreme Court issued a legal determination either in conflict with or materially indistinguishable from the state court judgment.  Id. at 1519-20.

### DISCUSSION

**1.      Hearsay and Testimony Related to the Victim's Virginity**

Weber moves to dismiss Ground One of Pugh's petition for habeas corpus, alleging that the claim is procedurally defaulted.  On habeas review, federal courts may only consider "those claims which the petitioner has presented to the state court in accordance with state procedural rules." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996).  A petitioner's failure to advance a "claim in his post-conviction appeal functions as an adequate and independent procedural default and this bars review by [federal court].  Satter v. Leapley, 977 F.2d 1259, 1262-63  (8th Cir. 1992).  Here, Pugh failed to seek a certificate of probable cause under SDCL 21-27-18.1 within 30 days of the date the circuit court denied his petition.  Thus, this court finds that Pugh abandoned his first claim and has thereby procedurally defaulted that claim. See id. at 1262.  (Petitioner's claim procedurally defaulted by failure to pursue appeal of the circuit court denial of post-conviction relief petition.)

When a state prisoner defaults a federal claim in state court by violating a state procedural rule, federal habeas corpus review is barred unless the

7

prisoner can show cause for the default and actual prejudice, or that failure to consider the claim will result in a miscarriage of justice. Id. at 1262. Pugh does not allege that the default should be excused for cause, nor does he allege that this court's failure to consider his claim as to Ground One will result in a miscarriage of justice. See Satter, 977 F.2d at 1262. Based on a review of the record, the court does not believe that Pugh's case is an extraordinary case where a constitutional violation "probably has caused the conviction of one innocent of the crime" amounting to a miscarriage of justice. Id. (quoting McClesky v. Zant, 499 U.S. 467, 494, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991)). The court finds that Ground One is procedurally defaulted and may not be reviewed by this court. See Satter, 977 F.2d at 1262. Respondent's motion to dismiss Ground One is granted.

**2.   Sufficiency of the Evidence**

Pugh alleges that his conviction is not supported by adequate evidence in the record. In a § 2254 habeas proceeding, the court must examine "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt.'" Robinson v. LaFleur, 225 F.3d 950, 954 (8th Cir. 2000) (quoting Blair-Bey v. Nix, 44 F.3d 711, 713 (8th Cir. 1995)). Kidnapping occurs when "any person . . . shall seize, confine, inveigle, decoy, abduct or carry away any person and hold or detain such person . . . to facilitate the commission of any felony." South Dakota v. Pugh, 640 N.W.2d

8

79, 82 (S.D. 2002). Under South Dakota law, second-degree rape is defined as "an act of sexual penetration accomplished by any person . . . through the use of force, coercion or threats of immediate and great bodily harm against the victim . . . accompanied by apparent power of execution." Pugh, 640 N.W.2d at 82.

At trial, M.H.L. testified that she got into Pugh's car because he offered her a ride to work when her car would not start. M.H.L. testified that Pugh refused to let her out of his car, and instead drove her to a secluded area and twisted her arm behind her back to prevent her from escaping. M.H.L. stated that Pugh then pressed an object against her head that she believed was a gun, threatened to kill her, and sexually penetrated her twice. M.H.L.'s boss, her mother, and her pastor all testified that she was visibly upset after the incident. Pugh maintained that the sex was consensual. One of the jury's responsibilities is to decide which version of the events is credible in order to determine whether the elements of rape and kidnapping are satisfied. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find that M.H.L.'s testimony was credible and that Pugh's version was not. M.H.L.'s version was supported by witnesses to her condition after the incident, and a trier of fact could find that she would not have consented to sex under the circumstances of this case. There is more than sufficient evidence for a rational trier of fact to have found all the essential elements of kidnapping and second-degree rape beyond a reasonable doubt

9

**3.    Eighth Amendment**

Pugh claims that his life sentence for kidnapping violates the Eighth Amendment because it is grossly disproportionate to the crime. Relying on the relevant standards enunciated by the United States Supreme Court, the South Dakota Supreme Court analyzed and rejected this argument in Pugh's appeal. See Pugh, 640 N.W.2d at 84. As noted above, this court may grant habeas relief only if the opinion upholding the sentence "was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Because the South Dakota Supreme Court applied the proper law, this court finds that the decision to affirm the sentence is supported by clearly established federal law.

South Dakota authorizes life sentences for kidnapping. SDCL §§ 22-19-1(2), 22-6-1(3). In analyzing whether the sentence violated the Eighth Amendment prohibition against cruel and unusual punishment, the court must apply the gross disproportionality test. Ramos v. Weber, 303 F.3d 934, 937 (8th Cir. 2002). The South Dakota Supreme Court did apply the gross disproportionality test. Pugh, 640 N.W.2d at 85. Under this test, the court considers the conduct involved, any relevant past conduct, and gives "utmost deference to the Legislature and sentencing court." Id. Pugh had a history of escalating violence against women. Id. In 1988, Pugh was convicted of

10

aggravated kidnapping. Sentencing Hr'g Tr. at 21. In this incident, he tied up his ex-girlfriend and beat her and sexually assaulted her over a three-day period. Sentencing Hr'g Tr. at 21. Based on a presentence report, the trial judge found that Pugh showed no remorse and was likely to offend again. Id. at 20. In a letter to the court, the victim described betrayal and humiliation at the deepest possible level, and graphically described how Pugh threatened her life several times during the ordeal. Id. at 17-19. In light of these facts, the court finds that the decision to sentence Pugh to life in prison without parole was based on a reasonable determination of the facts in light of the evidence. Accordingly, it is hereby

ORDERED that respondent's motion to dismiss Ground One of the petition for habeas corpus (Docket 35) is granted.

IT IS FURTHER ORDERED that petitioner's application for writ of habeas corpus (Docket 1) is denied.

Dated July 11, 2005.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE